UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

2005 SEP 29 P 2: 13

CLERK
U.S. BANKRUPTCY COURT
MICHIGAN-DETROIT

IN RE:

Todd A. Young and Sandra Young,

Debtors.

_____/

Case No. 05-58119
Chapter 7
Hon. Phillip J. Shefferly

## OPINION SUSTAINING TRUSTEE'S OBJECTIONS TO DEBTORS' EXEMPTIONS

The Debtors filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 3, 2005. Pursuant to § 522(b)(2) of the Bankruptcy Code, the Debtors elected to use their state law exemptions. On Schedule A of their petition, the Debtors listed their residence at 14131 Merriman Road, Livonia, Michigan as owned as tenants by the entireties. On Schedule C, they claimed an exemption in the amount of $53,067.74, which represents the total equity after deducting the $126,932.26 secured claim from the $180,000 current market value. The Debtors relied on Mich. Comp. Laws Ann. § 600.5451(1)(n) as the law entitling them to take this exemption.

The Trustee filed an objection to the Debtors' exemption in their residence. The Trustee states that the Debtors' claimed exemption exceeds the $30,000 maximum permitted exemption under Mich. Comp. Laws Ann. § 600.5451(1)(n). The Debtors counter that the Michigan statute allows each of them to claim the full exemption amount and, because they are "codebtors," to effectively double the $30,000 exemption. Because Mr. Young is disabled, the Debtors contend that their total available exemption amount is $75,000. The Debtors calculate this amount by adding a $45,000 exemption for Mr. Young to a $30,000 exemption for Mrs. Young. This is a core

proceeding pursuant to 28 U.S.C. § 156(b)(2)(B) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

For the reasons set forth in the Court's opinion in the case of In re Lindstrom, case No. 05-52847, issued this same date, the Court sustains the Trustee's objections. Because there is a factual issue as to Mr. Young's disability, which has been set for an evidentiary hearing, the Court cannot yet determine whether the total aggregate homestead exemption for the Debtors is $30,000 or $45,000. The Trustee shall prepare and submit a separate order consistent with this opinion, with the exact amount of the allowed exemption to be determined at a later date.

PHILLIP J. SHEFFERLY
U.S. BANKRUPTCY JUDGE

Dated: SEP 29 2005

cc: Tracy M. Clark-Flaherty
24901 Northwestern Hwy., Ste. 611
Southfield, MI 48075

Charles J. Schneider
Elizabeth M. Abood
39319 Plymouth Rd., Suite 1
Livonia, MI 48150

Not for publication